UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AICHA BOUCHGL V. SULEIMAN IBRAHIM | CIVIL ACTION |
| VERSUS | NO. 20-2302 |
| TONTI MANAGEMENT CO., L.L.C. ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is Louisiana's motion to dismiss for lack of subject matter jurisdiction.[1] Because the Court finds that the Eleventh Amendment to the U.S. Constitution deprives the Court of jurisdiction over plaintiffs' claims against the State, the Court grants the motion.

## I.   BACKGROUND

This case arises from alleged housing discrimination. Plaintiffs, Aicha Bouchgl and Suleiman Ibrahim, proceeding *pro se*, allege that their landlord, Tonti Property, discriminated against them on the basis of their national origin, religious beliefs, and color.[2] Specifically, plaintiffs allege that their

---

[1]   R. Doc. 11.
[2]   R. Doc. 5 at 6.

landlord discriminated against them by requiring extra security deposits, charging excessive late fees, threatening to evict them, and otherwise harassing them.[3]

On January 7, 2020, based on these allegedly discriminatory acts, Ibrahim filed an administrative housing discrimination complaint against defendants Tonti Management Co. and Julie Green with the Equal Housing Opportunity section of the Louisiana Department of Justice.[4] On June 15, 2020, the Louisiana Department of Justice dismissed his complaint, finding that there was no reasonable cause to believe that Tonti violated the Louisiana Equal Housing Opportunity Act ("LEHOA").[5]

On August 17, 2020, plaintiffs sued Tonti Properties,[6] Creekwood Elmwood, Bellawood Apartments Home, and Julie Green—the entities and individual who allegedly own the property in which plaintiffs live.[7] Plaintiffs also sued the Louisiana Department of Justice and the Louisiana Attorney General, Jeff Landry (collectively the "State").[8] Plaintiff asserts claims under

---

[3]   *Id.* at 6-8.
[4]   R. Doc. 11-3 at 1-3.
[5]   R. Doc. 11-4.
[6]   In an amended complaint, plaintiff names Tonti Properties instead of Tonti Management. R. Doc. 5 at 10.
[7]   R. Doc. 1.
[8]   R. Doc. 5 at 2, 6.

2

the federal Fair Housing Act ("FHA") and the LEHOA.[9] Louisiana moves to dismiss the claims against it, arguing that the Court lacks jurisdiction over those claims.[10]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to the Court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because a 12(b)(1) motion is jurisdictional, the Court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

---

[9] R. Doc. 5 at 3.
[10] R. Doc. 11.

In assessing a challenge to its subject matter jurisdiction, the Court "may dismiss . . . on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, plaintiff has the burden of demonstrating that subject matter jurisdiction exists. *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).

## III.  DISCUSSION

In its jurisdictional challenge, the State did not specifically point to the Eleventh Amendment of the U.S. Constitution as a jurisdictional bar to this suit.[11] Nevertheless, the Court considers the Eleventh Amendment *sua sponte*. *See Burge v. Par. of St. Tammany*, 187 F.3d 452, 465 (5th Cir. 1999) (finding that the court may raise the question of whether the Eleventh Amendment deprives the court of jurisdiction *sua sponte*); *see also Jefferson v. La. State Supreme Court*, 46 F. App'x 732, 2002 WL 1973897, at *1 (5th Cir. 2002) (per curiam) ("[E]leventh amendment immunity . . . deprives the

---

[11]   *See* R. Doc. 11-2.

4

court of subject matter jurisdiction of the action." (first alteration in original) (quoting *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987))); *Ysleta del Sur Pueblo v. Texas*, 36 F.3d 1325, 1336 (5th Cir. 1994) ("[T]he Eleventh Amendment operates as a jurisdictional bar.").

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Absent consent, Louisiana enjoys immunity against suits brought in federal court. This immunity extends to suits brought under state law. *See Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) (stating that state-law claim is barred when "the plaintiff's claim was against the State of Louisiana and not the named defendant acting in his individual capacity"). It also applies to suits under federal law unless it is shown that Congress "expressly intended to abrogate sovereign immunity." *Id.*

Louisiana has not consented to suit under either the FHA or the LEHOA. By statute, Louisiana has broadly refused to waive its Eleventh Amendment sovereign immunity for suits in federal courts. *See* La. Rev. Stat. § 13:5106(A) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); *see also Cozzo v. Tangipahoa Par. Council-President Gov't*, 279

5

F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." (citing La. Rev. Stat. § 13:5106(A))); *Holliday v. Bd. of Supervisors of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014) ("While Louisiana may have waived sovereign immunity with respect to some claims, La. Const. art. 1 § 26 makes it clear the State has not waived its sovereignty within the federal system."). Additionally, the state law at issue in this suit specifically directs litigants to bring action in state courts. La. Rev. Stat. § 51:2613(A) ("[A]n aggrieved person may commence a civil action for enforcement of the rights granted pursuant to this Chapter in an appropriate state court of general jurisdiction . . . ."). The State therefore has not consented to this suit. Moreover, the Fifth Circuit has held that the U.S. "Congress did not make clear an intent to abrogate States' Eleventh Amendment sovereign immunity from suits brought under the Fair Housing Act." *McCardell v. U.S. Dep't of Hous. & Urban Dev.*, 794 F.3d 510, 522 (5th Cir. 2015). Consequently, the Court finds that Louisiana enjoys sovereign immunity for claims under the FHA and the LEHOA.

Furthermore, Eleventh Amendment immunity extends not only to suits against Louisiana itself, but also to state agencies. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002) ("[T]he

Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is 'the real, substantial party in interest.'" (quoting *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999))). Specifically, "the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Id.* (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

The Court finds that the state defendants, the Louisiana Department of Justice and Louisiana Attorney General Jeff Landry, enjoy Eleventh Amendment immunity. The Louisiana Department of Justice, as a state agency, is an "arm of the state entitled to Eleventh Amendment sovereign immunity." *Delta Fuel Co. v. Maxwell*, 485 F. App'x 685, 687 (5th Cir. 2012). Landry is also "entitled to Eleventh Amendment immunity as a state official acting in his official capacity."[12] *Id.* The Eleventh Amendment, therefore,

---

[12] The Court determines that Landry is sued in his official capacity by examining the allegations in the complaint and the course of the proceedings. *See Robinson v. Hunt Cty., Texas*, 921 F.3d 440, 446 (5th Cir. 2019), *reh'g denied* (May 16, 2019). In the pleadings, plaintiff mentions Landry by name one time each in the initial complaint and amended complaint. Specifically, plaintiffs list Landry as "Defendant No. 2" in the complaint and "Defendant No. 4" in the amended complaint. R. Doc. 1 at 2; R. Doc. 5 at 2. In the attached memoranda, plaintiffs identify "Defendant (2)" and "Defendant (4)" as "LOUISISIANA STATE—Department of Justice DOJ-Public Protection [sic]." R. Doc. 1 at 6-7; R. Doc. 5 at 6-7. Plaintiffs do not make any factual allegations against Landry in their pleadings. Instead,

precludes this action against them, and the Court must dismiss plaintiffs' claims against the Louisiana Department of Justice and Attorney General Jeff Landry. When a court dismisses a case for lack of jurisdiction because the defendant is entitled to Eleventh Amendment immunity, it must do so without prejudice. *See Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Louisiana's motion and DISMISSES the Louisiana Department of Justice and Attorney General Jeff Landry WITHOUT PREJUDICE.

New Orleans, Louisiana, this __5th__ day of January, 2021.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

they refer to the "conduct and behavior" of Louisiana State and the Louisiana Department of Justice. R. Doc. 1 at 7; R. Doc. 5 at 7. Based on these allegations, the Court finds that plaintiffs sued Landry in his official capacity.